```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
UNITED STATES OF AMERICA,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/17

16 Cr. 746(PKC)

-against-                                    ORDER

DAVID BERGSTEIN,

        Defendants.
---------------------------------------------x

CASTEL, U.S.D.J.

        The indictment charges that the David Bergstein and Keith Wellner, among other things, conspired to commit investment advisor fraud and securities fraud in connection with the affairs of Weston Capital Asset Management ("Weston"), a registered investment advisor that managed more than a dozen hedge funds for its investors. The defendants are alleged to have caused one of the Weston funds, the P2 Fund, to lend money to a Bergstein-controlled entity, Arius Libra, which loan was secured by the assets of a different Weston fund, WFF, to enable the borrower to pay off debts that the P2 Fund had not incurred. They are also alleged to have caused Weston to transfer funds from one of its funds, the TT Fund, to another entity Swartz IP, for the purpose of paying debts owed to P2 Fund investors. Wellner is alleged to have backdated a loan agreement that falsely made it appear that Arius Libra had borrowed certain funds from Swartz IP. In addition to the conspiracy to commit investment advisor fraud and securities fraud, the indictment contains two counts of aiding and abetting investment advisor fraud, two counts of securities fraud, conspiracy to commit wire fraud and wire fraud.

        Bergstein seeks the issuance of 24 subpoenas pursuant to Rule 17(c), Fed. Crim. P. His counsel has submitted ex parte a declaration and memorandum supporting the issuance

of the subpoenas. The declaration annexes the draft subpoenas and certain documentary evidence. The factual support for the application is found principally in the memorandum.

Bergstein has submitted a second application for 23 additional subpoenas, bringing the total to 47 subpoenas. The subpoenas sought in the second application have not been furnished to the Court. At least one of the subpoenas in the first group of 24 has 49 categories of requested documents. Several are for documents in the hands of law firms.

Discussion

The Supreme Court has expressly adopted Judge Weinfeld's formulation of the standard for the issuance of a trial subpoena:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition'.

United States v. Nixon, 418 U.S. 683, 699-700 (1974)(citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)(Weinfeld, J.)(footnote omitted).

Judge Marrero has elaborated further:

> In order to avoid speculation that the moving party is using Rule 17(c) to circumvent normal discovery requirements, the party's Rule 17(c) subpoena "must be able to 'reasonably specify the information contained or believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.' " . . . . Subpoenas seeking "any and all" materials, without mention of "specific admissible evidence," justify the inference that the defense is engaging in the type of "fishing expedition" prohibited by Nixon.

United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013)(citations omitted.)

The factual showing by Bergstein is thin. He has not shown why he cannot properly prepare for trial without the subpoenaed documents. He has not supported his application with enough factual content for the Court to conclude that the documents meet the relevancy and evidentiary thresholds of Rules 401 and 402, Fed. R. Evid. Both the scope and breath of the subpoenas suggest that they are part of a "fishing expedition."

The Court has reviewed each category of each of the 24 subpoenas in the first group through the lens of the above-referenced standards. Guided by Bergstein's submission and the allegations of the indictment, the Court will allow all or part of six of the subpoenas in the first group of 24 without prejudice to the rights of the subpoenaed persons or entities.

Application GRANTED in part and DENIED in part. Counsel for Bergstein may pick up the signed subpoenas from the undersigned's Chambers.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 24, 2017