UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    16-cr-746 (PKC)

            -against-                               ORDER


DAVID BERGSTEIN,

                        Defendant.
------------------------------------------------------------x

CASTEL, Senior District Judge:

            Defendant David Bergstein moved to quash a grand jury subpoena issued to

Barnes Law for records relating to certain monetary disbursements (the "Barnes Subpoena").

(Dkts. 166, 168 Ex. 1).  Bergstein contends that the Barnes Subpoena misuses the grand jury

process to prepare for trial in an already indicted case and is unreasonable and oppressive.

Bergstein additionally requests disclosure or Court review of certain other grand jury subpoenas

that resulted in the production of evidence that may be used in connection with Bergstein's trial.

For the reasons set forth below, Bergstein's motion and request are denied.

BACKGROUND

            Michael Barnes of Barnes Law was an attorney who "represented several entities

related to [Bergstein]." (Dkt. 167 at 2).  The grand jury issued the Barnes Subpoena on

September 19, 2016, requiring Barnes to produce certain materials by September 28, 2016.  (Dkt.

168 Ex. 1).  The grand jury ultimately charged Bergstein in a November 2016 indictment.  (Dkt.

1).  As documented by an email exchange between Barnes and the government, Barnes did not

receive the Barnes Subpoena until December 5, 2017, when the government emailed it to him.

(Dkt. 168 Ex. 2).

The Court previously denied a motion by Bergstein to quash a post-indictment grand jury subpoena issued to Bergstein's former civil attorney. (Dkt. 142). Bergstein filed the instant motion to quash the Barnes Subpoena on December 13, 2017. (Dkt. 166). The government filed its opposition on December 19, 2017 (Dkt. 175), and Bergstein replied on December 28, 2017 (Dkt. 181). Currently pending before the Court is Bergstein's motion to quash a third post-indictment grand jury subpoena for materials relating to Bergstein's tax returns. (Dkt. 176).

DISCUSSION

I.    <u>Misuse of the Grand Jury Process to Prepare for Trial in an Already Indicted Case.</u>

Bergstein claims that the government is improperly using the grand jury process to gather evidence for trial through the Barnes Subpoena, which seeks materials relating to the transactions underlying Bergstein's indictment. (Dkt. 167 at 2). Bergstein relies primarily on the delayed timing of the Barnes Subpoena as evidencing this alleged purpose: Barnes received the Barnes Subpoena approximately two months before the start of Bergstein's trial, which is also approximately fifteen months after the grand jury issued the Barnes Subpoena and approximately thirteen months after Bergstein's indictment.

By contrast, the government alleges the reasonableness of the delay. The grand jury issued the Barnes Subpoena two months prior to Bergstein's November 2016 indictment. The government represents that it did not learn until December 2017 that Barnes had not received the Barnes Subpoena because the address for Barnes' law firm on the Barnes Subpoena was incorrect. (Dkt. 175 at 4). On consent, the government served the Barnes Subpoena by email on the same day with an extended due date. (<u>Id.</u>; Dkt. 168 Ex. 2). Bergstein argues that

even this explanation evidences a dominant improper purpose, because the discovery of Barnes'
non-response to the Barnes Subpoena occurred as Bergstein's trial date is rapidly approaching.

The Court relies on and applies the principles of law relating to the improper use
of the grand jury process for the sole or dominating purpose of preparing for trial in an already
indicted case as set forth in its October 10, 2017 Memorandum and Order (the "Memorandum
and Order"). (Dkt. 142). Additionally, the Second Circuit has held in at least one instance that
the government manifested no improper purpose when enforcing post-indictment a grand jury
subpoena issued pre-indictment. See United States v. Vanwort, 887 F.2d 375, 386–87 (2d Cir.
1989) (analyzing timing and service of challenged subpoena, as well as explanations offered by
the government).

The Barnes Subpoena was issued pre-indictment and served again post-
indictment. On its face, the sequence of events suggests that responsive materials were not
necessary to secure the indictment against Bergstein. However, government represents that the
Barnes Subpoena relates to an ongoing and active grand jury investigation. (Dkt. 175 at 8).
Thus, the case is distinguishable from the largely dormant grand jury investigation in In re Grand
Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Robert M. Simels, Esq.) (Simels), 767 F.2d 26,
29–30 (2d Cir. 1985), on which Bergstein primarily relies. The Court has no reason to doubt the
government's representation. Further unlike the government in Simels, the government here
neither sought a trial subpoena for the materials subpoenaed by the Barnes Subpoena nor
represented that it sought to use the subpoenaed materials to prove an element at trial. See id.

The Court concludes that Bergstein has not satisfied his burden of showing the
dominating improper purpose of the Barnes Subpoena. Rather, the grand jury has a separate,

legitimate need for the materials to continue its investigation and to decide whether it should charge one or more additional persons.

II.    Unreasonable or Oppressive.

Bergstein also challenges the Barnes Subpoena on the grounds that it is unreasonable or oppressive within the meaning of Rule 17(c)(2), Fed. R. Crim. P.  The Court relies on and applies the principles of law relating to quashing a subpoena with which compliance would be unreasonable or oppressive as set forth in the Memorandum and Order.  By way of further explanation, a party demonstrates standing to challenge a subpoena directed to a non-party by showing that he or she seeks to protect a personal privilege, right, or interest.  See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); accord In re Grand Jury, 111 F.3d 1066, 1073 (3d Cir. 1997) (stating that "[i]t is well-established that a litigant may have sufficiently important, legally-cognizable interests in the materials or testimony sought by a grand jury subpoena issued to another person to give the litigant standing to challenge the validity of that subpoena" and collecting cases).  As described in the Court's December 28, 2017 Memorandum & Order and its January 2, 2018 Order, the Court's supervisory role in the context of subpoenas issued under Rule 17(c), Fed. R. Crim. P, may enable the Court's review of the propriety of a Rule 17(c) subpoena directed to a non-party irrespective of a party's standing to move to quash such a subpoena.  (Dkts. 182, 188).  However, the parties have not offered, and this Court cannot identify, any parallel authority in the context of grand jury subpoenas.

It is plain that Bergstein has no standing to challenge the Barnes Subpoena on the grounds that it is unreasonable or oppressive as to Barnes.  The burden that this request places upon Barnes to produce the subpoenaed materials does not implicate Bergstein's personal privileges, rights, or legitimate interests.  Although Bergstein suggests that the government's

argument that Bergstein has no standing to challenge the Barnes Subpoena is "ironic[]" because the government previously moved to challenge subpoenas directed to different non-parties under Rule 17(c) (Dkt. 181 at 3), the law on standing varies between grand jury subpoenas and Rule 17(c) subpoenas. The Court sees no reason to depart from applicable standards.

III.    Review of Other Grand Jury Subpoenas.

Bergstein requests that the Court order disclosure of or review *in camera* "any other grand jury subpoenas that have been issued and/or served in the last 6 months that have resulted or could result in production of evidence that the government may use to prepare for or during the upcoming February 5, 2018 trial." (Dkt. 167 at 5). Bergstein argues that, in this case and in related civil litigation, the government has attempted to block Bergstein from obtaining third-party evidence. Bergstein also argues that it is likely that there are additional allegedly improper grand jury subpoenas. As a result, he claims that he is entitled to additional protections against the abuse of the government's subpoena power, including for the purpose of formulating objections to the introduction of inappropriately subpoenaed evidence at trial.

Grand juries' investigatory powers are not unlimited, though there are "strong governmental interests in affording grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy." United States v. R. Enterprises, Inc., 498 U.S. 292, 299–300 (1991). A grand jury's investigation may extend beyond the indictment of one individual as the grand jury continues to investigate the surrounding scheme and the possibility of bringing more charges. United States v. Jones, 129 F.3d 718, 723 (2d Cir. 1997).

The Court declines to order disclosure of grand jury subpoenas to Bergstein or to the Court for review. Bergstein's arguments are broadly applicable to a range of criminal defendants, rather than amounting to a circumstance warranting exceptional protections. The

government represents that the grand jury's investigation continues in this case, and this Court

sees no reason to interfere with its functioning in the present circumstances.

CONCLUSION

      Defendant Bergstein's motion to quash the grand jury subpoena directed to

Barnes Law and his request for relief regarding other grand jury subpoenas are therefore

DENIED.  (Dkt. 166).


      SO ORDERED.


      P. Kevin Castel
      United States District Judge


Dated: New York, New York
     January 3, 2018


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-3-18